# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Paula K. Silver,**
**Plaintiff Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0772** (Brooke County 11-C-45)

**Howard F. Fell,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Paula K. Silver, by counsel Jeffrey W. McCamic, appeals the Circuit Court of Brooke County's "Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment[,]" entered January 19, 2012. Respondent Howard F. Fell appears by counsel David A. Jividen and Chad D. Haught.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a complaint for declaratory relief on April 15, 2011, asking the circuit court to enter "[a]n order acknowledging her retention of the oil and gas in and under" land she purchased in 1982. The complaint specifically referred to a deed, dated November 24, 1982, that conveyed two parcels of land from Howard C. Fell and Betty F. Fell to petitioner. That deed was prepared by petitioner, at the time an attorney with six years of experience in the practice of law, and contained this provision:

> There is expressly reserved to the Grantors herein, all mineral rights, without disturbing the surface of the parcels hereby conveyed.

> There is presently an oil and gas lease on the premises dated May 23, 1980, between Howard C. Fell and Betty F. Fell, his wife, and International Exploration, which the Sellers hereby retain the beneficial ownership.

Betty Fell died on January 23, 1993, leaving all of her property to Howard C. Fell. Howard C. Fell died on April 24, 1995, leaving all of his property to the couple's children, John

1

Fell and Respondent Howard F. Fell.[1] In 2010, petitioner signed a document purporting to lease the mineral rights of the subject property to Chesapeake Appalachia, LLC. She was informed by a letter from Chesapeake's land agent, dated April 1, 2011, that a title search revealed that the oil and gas estate was severed from the surface estate by the 1982 deed.

During discovery, petitioner testified that she believed she was to receive all mineral rights other than those to coal through her transaction with the Fells, because ". . .when you talked about minerals back then, 29 years ago, you were talking about coal in this area." She also explained that she had allowed the Fells to receive the benefits of the then-existing oil and gas lease, but ". . . when that oil and gas lease was over, it was over. . . . I owned the oil and gas subject to the benefits that they might receive from that particular oil and gas lease. And that is what I put in the deed." There was no prior written contract for the sale of the parcels.

The parties filed motions for summary judgment; respondent on November 28, 2011, and petitioner on November 29, 2011. The circuit court granted respondent's motion and denied petitioner's motion by order entered January 19, 2012, determining that respondent properly argued that W.Va. Code § 57-3-1, the "Dead Man's Statute[,]" prohibits the introduction of evidence of conversations that petitioner allegedly had with the elder Fells. Upon determining that such evidence was impermissible, the court concluded that the unambiguous terms of the deed showed that respondent retained the mineral rights. Petitioner then filed, on January 27, 2012, a motion to alter or amend judgment, which motion was denied by order entered May 11, 2012.

On appeal, we review a summary judgment order under a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment should be granted when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. Syl. Pt. 2, *Id.*; Syl. Pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

The deed that is the subject of this action expressly reserved "all mineral rights" to the Fells, and we are mindful of the following "longstanding principle articulated by this Court":

> "'Extrinsic evidence of statements and declarations of the parties to an unambiguous written contract occurring contemporaneously with or prior to its execution is inadmissible to contradict, add to, detract from, vary or explain the terms of such contract, in the absence of a showing of illegality, fraud, duress, mistake or insufficiency of consideration.' Syl. Pt. 1, *Kanawha Banking and Trust Company v. Gilbert*, 131 W.Va. 88, 46 S.E.2d 225 (1947)" Syl. Pt. 4, *Sedlock v. Moyle*, 222 W.Va. 547, 668 S.E.2d 176 (2008).

---

[1]John Fell conveyed his interest in the property to respondent by quitclaim deed in June of 2011.

Syl. Pt. 6, *Spitznogle v. Durbin*, __ W.Va. __, 738 S.E.2d 562 (2013). A deed is a contract subject to this principle, inasmuch as it is "an instrument executed with formality, and imports full and complete exposure of the intent of the parties. It speaks the final agreement by the clearest and most satisfactory evidence." *Cabot Oil & Gas Corp. v. Huffman*, 227 W.Va. 109, 117, 705 S.E.2d 806 (2010) *quoting Donato v. Kimmins,* 104 W.Va. 200, 204, 139 S.E. 714, 715 (1927).

Petitioner's first three assignments of error—that the lower court erred in interpreting "minerals" to include oil and gas, that the lower court failed to strictly construe the deed, and that the specific mention of the oil and gas lease "qualif[ied] the general reservation of mineral interests"—are substantially intertwined. Petitioner explains that the "crux" of her appeal is that the trial court improperly construed the deed. She argues that the reference in the 1982 deed to the oil and gas lease demonstrates that the term "minerals" was not used "in the comprehensive sense" but meant only coal. We disagree.

The express reservation of "all mineral rights" is in no way ambiguous, and is not inconsistent with the mention of the oil and gas lease. This Court long ago held that a reservation of "all minerals in and under" a conveyed portion of land "embraces and saves to the grantor, not only solid minerals such as gold, silver, iron, and coal, but petroleum oil and natural gas as well." Syl., *Sult v. A. Hochstetter Oil Co.*, 63 W.Va. 317, 61 S.E. 307 (1908). This is a concept with which petitioner, an attorney at the time she drafted the deed in question, should have been familiar. Though petitioner argues that the mention of the oil and gas lease evidences her intent to limit the use of the term "minerals," as one may do according to our syllabus in *Murphy v. Van Voorhis*, 94 W.Va. 475, 119 S.E. 297 (1923), we agree with the circuit court that the reference to the lease provided additional information about the situation, and nothing more. There simply is no explicit limitation on the term "minerals" in the 1982 deed.[2]

Petitioner's fourth and final assignment of error asserts that the trial court "incorrectly applied the West Virginia Dead Man's Statute precluding [p]etitioner the opportunity to present evidence at a hearing with regard to the surrounding circumstances, the situation of the parties, and the acts done by the parties thereto." Having determined that the reservation of mineral rights in the 1982 deed was clear and unambiguous, we find it unnecessary to consider this issue on appeal.

For the foregoing reasons, we affirm.

Affirmed.

---

[2]To the extent petitioner may have intended to argue that she was operating under a mistake in her understanding that "minerals" meant only coal, there is no allegation that the Fells had a similar misunderstanding. We are unable to perceive the possibility of any mutual mistake of fact—particularly because the extent of the reservation is an issue of law, in light of our holding in *Sult*—that would require us to consider additional extrinsic evidence or the need for reformation of this deed. *See* Syl. Pts. 4 and 5, *Smith v. Smith*, 219 W.Va. 619, 639 S.E.2d 711 (2006).

**ISSUED:**  May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II